JANVIER, Judge.
Plaintiff, a duly licensed practicing attorney, appeals from a judgment dismissing on exception of no cause or right of action his suit against defendant. The petitioner alleges that the defendant, Mrs. Mario Calderini, as owner in her separate capacity, entered into a written agreement to sell to Kirby Guillory, a client of plaintiff, certain real estate in Jefferson Parish, Louisiana; that the contract was negotiated through A. Gagliano, Inc., real estate agents; that Guillory deposited with the said agents $360 and employed plaintiff to examine the title to the said property, to prepare an act of sale translative of title and to generally perform “any and all services required in order to protect the interests of the said Kirby Guillory”, the prospective purchaser.
Plaintiff then alleged that, “acting as attorney for the said Kirby Guillory,” he examined the title, ordered a survey and “prepared and filed all necessary and proper certificates in order to ascertain the merchantability of the vendor’s title * Then plaintiff alleged that, as a result of his examination, he discovered that the title of defendant was defective and suggestive of litigation and so advised defendant and suggested that she, defendant, contact her attorney. Then follow the allegations that defendant and Guillory entered into an agreement extending the time for the transfer of title by sixty days in order that defendant, vendor, might “perform the necessary curative work,” and that, through .defendant’s attorney, Richard A. Hinckley,’ defendant engaged The Lawyer’s Title Insurance Company which, after an examination, discovered the identical defects which had been found by plaintiff and’ *567 reported its willingness to issue title insurance on the property upon the completion of the necessary curative work on the title.
Plaintiff then charged that defendant “was unable, or unwilling, or neglected to perform her obligation to cure said title defects” within the limit indicated in the contract as extended and that therefore he, plaintiff, as attorney for Kirby Guillory, the prospective purchaser, required and obtained the return of the deposit and that, as a result of the failure of defendant to deliver title to plaintiff’s client (Guillory) Mrs. Calderini, defendant, by the terms of the contract for the sale of the property, became indebted to plaintiff for the fee for examination of title and for the amounts which he expended in connection therewith, all listed in the petition as follows:
Examination of title $36.00
Cost of Certificates 60.00
Fee for Ordering Certificates 15.00
Survey for account of Harry E. Sutch ’ 30.00
$141.00
Defendant answered admitting the essential. allegations of the petition, but denying any indebtedness to plaintiff and,' although the rules of the First City Court of New Orleans require that all exceptions and answer be filed at the same time, defendant, more than two weeks after the filing of the answer, filed an exception of no cause or right of action, stating that “plaintiff alleges no privity of contract or contractual relationship with exceptor.”
When the matter came up for trial in the First City Court it was submitted on an agreed stipulation made between plaintiff, who acted in propria persona and counsel for defendant.
The matter was then submitted on the exceptions and on the merits and there was judgment maintaining the exceptions and dismissing the suit at the cost of plaintiff.
The stipulation sets forth the facts as related by the plaintiff in his petition.
In his- argument before us plaintiff declares that the exceptions should not have been maintained because they were filed too late; that they were purely dilatory by nature and should not have been considered since they were not filed in limine.
It is unnecessary that we consider the question of whether the exceptions were such as are required to be filed in limine or whether, under the rules of the First City Court, they were filed too late because when we come to consider the matter on its merits, we find no merit whatever in the contention of plaintiff and believe that under the facts alleged by him and confirmed in the stipulation there is not the slightest shadow of liability in defendant in favor of plaintiff.
Plaintiff was employed by Guillory to examine the title and in his examination expended certain amounts. All this was done for his client, Guillory. When the matter failed of consummation Guillory may have had . some . claim against Mrs. Calderini. On that question we express no opinion. And plaintiff may have had some claim against his client Guillory. But he had no cliam whatever against Mrs. Cal-derini.
He points to a provision in the contract between Guillory and Mrs. Calderini to the effect that “Either party hereto who fails, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent’s commission and all fees and costs incurred in enforcing collection and-damages.”
That provision is of no benefit whatever to plaintiff. Such a provision in a contract for the sale of property does not contemplate the fee and the expenses to which an attorney may be put in examining the title for his client. The fee and expenses are to be paid to the attorney by the client and not by the other party to the contract. The fee which is contemplated in that clause is the fee which may be required should one, party to the. contract find it necessary to bring suit against the other party either for specific performance or to claim a forfei *568 ture of the deposit on the one hand or to claim a return of double the deposit on the other.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.